### WINGFIELD v. AMERICAN CARPET-LINING CO.

(Circuit Court, D. Massachusetts. November 23. 1886.)

#### No. 2,172.

PATENTS—INVENTION—CARPET LININGS.

   The Wingfield patent, No. 276,118, for improvements in carpet linings of the kind composed of cotton filling covered on both sides with paper, which improvement consists mainly of the use of a supplemental strip

placed over the paper along the line of stitches, to prevent the stitches from cutting through the paper, is void, for want of invention, and as coming within the principle of a mere double use.

This was a suit in equity by George W. Wingfield against the American Carpet-Lining Company for alleged infringement of a patent for improvements in carpet linings.

S. D. & J. T. Law, for complainant.

A. E. Pillsbury and J. E. Maynadier, for defendant.

COLT, Circuit Judge. This suit is brought for alleged infringement of letters patent No. 276,118, granted to the complainant as assignee of John H. Wingfield, for improvements in carpet linings. The invention has reference to carpet lining composed of a cotton filling, and covered on both sides with paper, and consists, so far as any infringement is charged in this case, in the use of a supplemental strip of suitable material placed over the paper covering along the line of stitches, so as to prevent the stitches from cutting through the paper. Assuming that Wingfield was the first to stay the stitches in carpet lining, we are met at once with the inquiry whether this constitutes any patentable invention. The defendant has produced several well-known forms of stay strips used in the making of coats, books, and pamphlets. The complainant urges that his strip is not for the purpose of strengthening the carpet lining, but to prevent its being weakened and injured in the process of manufacture by the operation of sewing, and that in this respect it differs from other stay strips. At the same time he admits that a carpet lining is stronger with supplementary strips than without them. It may be that the main office of the strips is to prevent the stitches from cutting through the paper; still, in view of what was old and well known, I can find no invention or discovery in their use. It seems to me to come within the principle of a mere double use, and therefore does not form the subject-matter of a valid patent. Bill dismissed, with costs.